UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ERVIN LEE MCFERRIN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:15-CV-158 |
| § | |
| CYNTHIA TAUSS, *et al*, § | |
| § | |
| Defendants. § | |

### ORDER GRANTING MOTION
### TO PROCEED *IN FORMA PAUPERIS*

Plaintiff, Ervin Lee McFerrin (TDCJ #1607758) has filed suit under 42 U.S.C. § 1983, alleging violations of his civil rights. He has also filed a properly supported application to proceed *in forma pauperis*. This case is governed by the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915(b), which requires indigent prisoners to pay the full filing fee as funds become available. For complaints filed after April 10, 2006, such as the one in this case, the fee is $350.

Based on the certified inmate trust account statement provided by plaintiff, the Court **ORDERS** as follows:

1. The application to proceed *in forma pauperis* (Dkt. No. 8) is **GRANTED**.

2. Plaintiff does not have to pay an initial partial filing fee.

3. Plaintiff shall pay $350, the filing fee, in periodic installments as required by 28 U.S.C. § 1915(b). The TDCJ will deduct 20% of each deposit made to the plaintiff's inmate trust account and forward it to the Clerk on a regular basis, provided the account exceeds $10, until the filing fee is paid.

4.      Plaintiff is responsible for signing any consents or other documents required by the agency having custody of him to authorize the necessary withdrawal from his inmate trust account.

5.      Service of process will be withheld pending judicial screening pursuant to 28 U.S.C. § 1915A.

6.      <u>Plaintiff shall file no amendments or supplements to the complaint without prior court approval</u>.  A complete amended complaint must be attached to any motion to amend.  <u>Any pleadings or other papers filed in violation of these directives, including those which contain any new claims or any new factual allegations not already explicitly raised in: (1) the original complaint, (2) any court approved amendments or supplements to the original complaint, or (3) in response to an Order for More Definite Statement, shall be automatically stricken from the record without further notice and will be of no force or effect in this lawsuit.  Such pleadings or other papers may also subject the plaintiff to other sanctions, including monetary sanctions or the dismissal of this lawsuit, if appropriate.</u>

7.      **<u>Absolutely no discovery motions may be filed unless the Court enters an order to answer.  Discovery motions filed in violation of this order will be stricken.</u>**

8.      Plaintiff must notify the court of any change of address by filing a written notice of change of address with the Clerk.  Failure to file such notice may result in this case being dismissed for want of prosecution.

<u>**NOTICE TO THE PLAINTIFF**</u>:

A.      Although you have been granted permission to proceed as a pauper, you must pay the full filing fee when funds are available under 28 U.S.C. § 1915(b).  If you do not

wish to pay the remainder of any uncollected portion of the full filing fee, you must notify the court in writing, by letter or motion, that you do not wish to prosecute this civil action.

      B.      Payment of all or any part of the full filing fee will not prevent dismissal of the complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  If the case is dismissed on any of those grounds before payment of the entire filing fee, plaintiff must still pay the entire filing fee.

      C.      If three or more prior actions or appeals are dismissed for being frivolous, malicious, or failing to state a claim upon which relief may be granted, federal law prohibits the prisoner from bringing any more actions or appeals *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

      D.      State law requires the forfeiture of good-conduct time credits as a sanction for any state or federal lawsuit brought by an inmate while in the custody of the TDCJ-CID, or confined in county jail awaiting transfer to the department following conviction of a felony, or revocation of community supervision, parole, or mandatory supervision, which is dismissed as frivolous or malicious, if there are any such prior dismissals.  TEX. GOV'T. CODE ANN. § 498.0045.  The sanction extends to frivolous proceedings arising from an application for writ of habeas corpus if brought for the purpose of abusing judicial resources.  *See id.,* § 498.0045(a).

**The Clerk will send a copy of this order to the parties and will also provide a copy of this order by regular mail, facsimile transmission, or e-mail to (1) TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711,**

**Fax: 512-936-2159; and (2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793.**

SIGNED on this 3rd day of August, 2015.

_____
Kenneth M. Hoyt
United States District Judge