United States District Court
Southern District of Texas
**ENTERED**
November 07, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ERVIN LEE MCFERRIN, TDCJ #01607758, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-158 |
| | § | |
| CYNTHIA TAUSS, *et al*, | § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ervin Lee McFerrin (TDCJ #01607758), an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Dkt. 1). After reviewing the pleadings, the Court concludes that this case must be **dismissed** for the reasons that follow.

### I.   BACKGROUND

McFerrin is currently serving a 10-year sentence for possession of cocaine in a drug-free zone. His civil rights complaint seeks his release to either mandatory supervision or parole, as well as monetary damages against the various defendants (Dkt. 1 at pp. 4, 14–16). McFerrin alleges that he has been improperly denied release under Texas's mandatory supervision and parole statutes (Dkt. 1 at pp. 4, 14–16).

## II. STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" where a party, like McFerrin, proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief"). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

McFerrin proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle* [*v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). The Supreme Court has clarified that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## III. THE *HECK* RULE

McFerrin seeks his immediate release from confinement and monetary damages stemming from an alleged denial of due process. In other words, he seeks to demonstrate the invalidity of his confinement, both directly (through an injunction compelling immediate release) and indirectly (through a judgment for damages that would necessarily imply the unlawfulness of his confinement). McFerrin does not allege or show that his sentence has been invalidated or otherwise set aside by an authorized state tribunal or by a federal habeas corpus proceeding under 28 U.S.C. § 2254.

To recover damages based on allegations of "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus [under] 28 U.S.C. § 2254." *Heck*

*v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages that bears a relationship to a conviction or sentence that has not been so invalidated is not cognizable under 42 U.S.C. § 1983. *Id.* Therefore, if a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Id.* The rule laid down in *Heck* applies not only to claims for monetary damages but also to claims for declaratory and injunctive relief. *See Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir. 1998). The Supreme Court has unequivocally stated that "a state prisoner's §1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (emphasis removed).

It follows that McFerrin's civil rights claims are not cognizable under 42 U.S.C. § 1983 at this time and that his complaint must be dismissed. The dismissal of the claims for monetary damages will be with prejudice until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met"). The claims for injunctive relief will be dismissed without prejudice. *Id.*; *Clarke*, 154 F.3d at 191.

## IV. CONSTRUCTION OF MCFERRIN'S CLAIMS AS HABEAS CLAIMS

The Court notes that it will not construe McFerrin's Section 1983 claims as claims for habeas relief. There is no indication in either public records or McFerrin's pleadings that McFerrin has properly exhausted his state-court remedies. *See* 28 U.S.C. § 2254(b). In any event, McFerrin has not stated a cognizable claim to federal habeas relief. "[B]ecause [McFerrin] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995). The Due Process Clause does not include a right to conditional release before the expiration of a valid sentence, and the Texas parole statutes do not create a Constitutionally protected liberty interest because parole in Texas is entirely discretionary. *Id.*; *see also Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979); *Teague v. Quarterman*, 482 F.3d 769, 774 (5th Cir. 2007). Moreover, McFerrin cannot complain about denial of his release to mandatory supervision because he is not eligible for release to mandatory supervision, *see* TEX. GOV'T CODE § 508.149(a)(14), as McFerrin's own classification paperwork confirms (Dkt. 1 at p. 6).

## V. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. McFerrin's complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. As noted in the opinion, the dismissal of the claims for monetary damages is with prejudice until the *Heck* conditions are met. The dismissal of the claims for injunctive and declaratory relief is without prejudice.

2. All pending motions are **DENIED** as moot.

The Clerk is directed to provide a copy of this order to the parties. The Clerk is also directed to provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED at Galveston, Texas on November 6, 2017.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE